IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ZUMAR DUBOSE, : | |
| ABDUSH DUBOSE, : | |
|     Plaintiffs, : | |
| : | |
|     v. : | Case No. 2:25-cv-0801-JDW |
| : | |
| UNITED STATES ATTORNEY GENERAL, : | |
|     Defendant. : | |

## MEMORANDUM

Zumar DuBose and Abdush DuBose, both convicted federal prisoners, filed this *pro se* action seeking answers to questions that apparently relate to their pending appeals of their criminal convictions. I will dismiss the Complaint for lack of jurisdiction.

**I.    FACTUAL ALLEGATIONS**

In the Complaint, Messrs. DuBose ask hypothetical legal questions related to their federal mail fraud convictions. They ask whether the United States violated their First and Fourteenth Amendment rights by charging them with violations of the mail fraud statute for the specific acts of purchasing "USPS, UPS shipping services, filing a lost, missing contents or damaged shipment claim with USPS and UPS, and receiving the damaged USPS and UPS shipment claim payment via USPS mail." (ECF No. 1 at p. 12.) They ask if the mail fraud statute "reaches 49 U.S.C. § 14706 liability of carrier to a shipper" and "if the customer of USPS and UPS files and submits a fraudulent shipment claim for lost missing contents or damage shipment and receives payment or

reimbursement, does this violate the 18 U.S.C. § 1341 mail fraud statute." (*Id.*) They seek declaratory, injunctive, and monetary relief. (*Id.* at 5.)

## II. STANDARD OF REVIEW

Although Messrs. DuBose have paid the filing fee in full, I have the authority to screen the Complaint pursuant to 28 U.S.C. § 1915A because each of them is a prisoner and each has confirmed that he was in custody when they filed the Complaint. *See Shane v. Fauver*, 213 F.3d 113, 116 n.2 (3d Cir. 2000). Section 1915A requires a judge "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In doing so, the judge must dismiss a complaint or any portion thereof that "is frivolous, malicious, or fails to state a claim upon which relief may be granted," *id.* § 1915A(b)(1), or that "seeks monetary relief from a defendant who is immune from such relief," *id.* § 1915A(b)(2).

The same standard applicable to motions to dismiss under Rule 12(b)(6) applies to statutory screening under § 1915A(b)(1). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). That inquiry applies the standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6). I must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). That means I must accept the

factual allegations in the Complaint as true, draw inferences in favor of the plaintiff, and determine whether there is a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). Conclusory allegations do not suffice. *See Iqbal*, 556 U.S. at 678. When a plaintiff is proceeding *pro se,*, I construe his allegations liberally. *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) When a plaintiff proceeds *in forma pauperis*, a judge must review the pleadings and dismiss the matter if he determines that the action fails to set forth a proper basis for this Court's subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3)

## III. DISCUSSION

Messrs. DuBose ask for answers hypothetical questions apparently related to issues arising from their criminal convictions that are currently on appeal. This raises jurisdictional problems. Courts are "without power to give advisory opinions." *Rhone-Poulenc-Surfactants and Specialties, L.P. v. C.I.R.*, 249 F.3d 175, 182 (3d Cir. 2001) (quoting *Alabama State Fed'n of Labor v. McAdory*, 325 U.S. 450, 461 (1945)). That means that I can't "decide abstract, hypothetical or contingent questions." *Id.* (same). Any opinion addressing the questions that the Complaint poses would be advisory because it would just answer a hypothetical question of law. *See Step-Saver Data Sys.,*

3

*Inc. v. Wyse Technology Software Link, Inc.*, 912 F.2d 643, 649 (3d Cir. 1990)). The Court has no jurisdiction to do this.

To the extent Messrs. DuBose intend their complaint to seek injunctive, declaratory, or monetary relief by attacking their convictions, the claims are claims for *habeas corpus* relief or improper § 1983 claims for damages seeking to undermine intact convictions. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) (*per curiam*). Any such claim would be improper at this time because their pending direct appeals are unresolved, and I cannot permit them to flout the procedural rules applicable to their criminal cases. I will therefore dismiss this case without prejudice for a lack of subject matter jurisdiction.

                                                **BY THE COURT:**

                                                */s/ Joshua D. Wolson*
                                                **JOSHUA D. WOLSON, J.**

April 11, 2025